UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE MAYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV1418 HEA |
| | ) | |
| AT&T, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action for unlawful termination of his employment. The motion is granted. Additionally, the supervisor defendants are dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). He sues AT&T as well as two of his former supervisors, Jeffrey Bailey and Sandy Koesterer. He alleges that he was terminated from his position in retaliation for filing workers' compensation claims, for using leave under the Family and Medical Leave Act, and for using short-term disability benefits. He says that his race, color, gender, disability, and age were factors leading to his termination.

## Discussion

Plaintiff's claims against AT&T will not be dismissed at this time, and the Court will order the Clerk to serve process on it.

The Court dismisses the claims against Bailey and Koesterer because the statutes do not provide for individual liability against supervisors. *See Roark v. City of Hazen, Ark.,* 189 F.3d 758, 761 (8th Cir.1999) (holding no individual liability under Title VII); *Lenhardt v. Basic Inst. of Tech., Inc.,* 55 F.3d 377, 381 (8th Cir.1995) (same); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir.1999) (holding no individual liability under Title II of the ADA and noting that three circuits "have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition"); *Ebersole v. Novo Nordisk, Inc.,* No. 1:11cv25 SNLJ, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011) (holding no individual liability under ADA because "the ADA's definition of 'employer' is practically identical to the definition of 'employer' in two other federal statutes that address discrimination: the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), and Title VII, 42 U.S.C. § 2000e(b) [and] [i]t is well-settled in the Eighth Circuit that individuals are not subject to

individual liability under Title VII of the Civil Rights Act of 1964, and longstanding precedent in this Court also holds that individuals are not liable under the ADEA") (citations omitted).  As a result, defendants Bailey and Koesterer are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant AT&T.  Service should be made on defendant's registered agent, The Corporation Company, 120 S. Central Ave., Clayton, MO 63105.

**IT IS FURTHER ORDERED** that defendants Bailey and Koesterer are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed forthwith.

Dated this 2nd day of May, 2017

                                    HENRY EDWARD AUTREY
                               UNITED STATES DISTRICT JUDGE