UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHELLE MAYFIELD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 4:17CV1418 HEA |
| AT&T, *et al*, | ) | |
| Defendants, | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant AT&T's Partial Motion to Dismiss, [Doc. No. 13]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## **Facts and Background[1]**

Plaintiff filed a Charge of Discrimination on August 25, 2015 with the EEOC. In her Charge, plaintiff checked the boxes for discrimination based on age and disability. Within the body of the charge, Plaintiff stated that she believed she was discriminated against due to her age (63), and because of her disability in violation of the Age Discrimination in Employment Act (ADEA) and the

---

[1] The recitation of the facts is taken from Plaintiff's Amended Complaint and is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

Americans with Disability Act (ADA). She identified the earliest and latest dates that the discrimination took place as February 11, 2015.

In her *pro se* Complaint, Plaintiff checked the boxes indicating that her action is based on Title VII, the ADEA, the ADA, and "Other-Retaliation by AT&T against me for use of FMLA and Short-Term Disability benefits and for filing 2 Work Comp Cases." Plaintiff also checked the boxes indicating that she was discriminated against because of her race, color, gender, disability, age, and "other" for "filing 2 work comp cases for use of FMLA and short-term disability."

Plaintiff's Complaint also alleges that an AT&T employee terminated her for using FMLA and short-term disability for neck and hand surgeries. There are no allegations regarding any title VII protected classes, such as race, color, or gender.

On February 3, 2017, the EEOC issued a Dismissal and Notice of Right to Sue letter. The letter stated that the EEOC was unable to conclude that the information obtained established a violation of the statute and that no finding is made as to any other issues that might be construed as having been raised by this charge. The letter goes on to state:

> **Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue

based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different).

Plaintiff filed her motion for leave to proceed in forma pauperis in this Court on May 1, 2017. Plaintiff was granted leave to proceed in forma pauperis on May 2, 2017. In her Complaint, plaintiff marked that her lawsuit was based on Title VII, the Americans with Disabilities Act and the ADEA and retaliation. In response to the question in the Employment Discrimination Complaint form which asked her to explain why she believes she was terminated, plaintiff checked the boxes for: race, color, gender, disability, age, and other—belief that of which is retaliation.

Defendant has moved pursuant to Fed.R.Civ.P. 12(b)(6) to partially dismiss plaintiff's Complaint as untimely filed and because she failed to exhaust her administrative remedies.

**Standard of Review**

To survive a motion to dismiss under 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice. *Id*. (quoting *Twombly*). Determining whether a complaint states a plausible claim for relief will

... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 1950. Under Fed. R. Civ. P. 12(b)(6), the Court must accept plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005).

## Discussion

Defendant states that any claims for discrimination under Title VII, the ADA,, or ADEA occurring prior to October 28, 2014-300 days prior to the filing of her Charge with the EEOC on August 24, 2015-are untimely and must be dismissed.

Plaintiff did not initially respond to defendant's Motion to Dismiss. However, after the Court issued an Order to Show Cause, plaintiff filed a response to the Motion to Dismiss. In her response, with regard to the exhaustion arguments, plaintiff states that she did not intend to seek recovery for any race discrimination, but that she meant to claim sex discrimination in her EEOC charge.

After reviewing plaintiff's Charge of Discrimination, the Notice of Right to Sue Letter from the EEOC, and plaintiff's Complaint, the Court agrees with defendant and finds that plaintiff's Complaint was, with regard to pre-October 28, 2014 claims, untimely filed. The only alleged act within the 300 day period was Plaintiff's termination on February 11, 2015. All other claims will be dismissed. It

should also be noted that simply because plaintiff was proceeding *pro se*, she is not excused from these requirements. In *Almoghrabi v. GoJet Airlines, LLC*, No. 4:14–CV–00507–AGF, 2015 WL 1061118, *3 (E.D.Mo. Mar. 11, 2015), the Court stated that a plaintiff's *pro se* status does not excuse a plaintiff from complying with this statutory requirement. See also *Houston–Morris v. AMF Bowling Ctrs., Inc.*, No. 11–00325–CV–W–FJG, 2011 WL 5325646, at *3 (W.D.Mo. Nov. 3, 2011)("rejecting Plaintiff's request to equitably toll the statute of limitations for an MHRA claim because she was 'misled by the language' of the MCHR and EEOC right-to-sue notices and was 'unfamiliar[ ] with handling and interpreting such notices.'").

In *Brinkman v. Nasseff Mechanical Contractors, Inc.*, No. 16–3499(RHK/HB), 2017 WL 1653255 (D.Minn. May 2, 2017), the court noted:

> The Supreme Court has recognized that Title VII's time limitations may be equitably tolled in appropriate circumstances ...Equitable tolling is premised on the excusable neglect of the party invoking it ...and provides a limited and infrequent form of relief appropriate only where (1) the plaintiff pursued her claims diligently but (2) some *extraordinary* circumstance stood in [her] way.

*Id*. at *5 (internal citations and quotations omitted). In this case, the Court finds that there is no basis for invoking equitable tolling. Plaintiff in her response to the Motion to Dismiss offered no reason, let alone an extraordinary reason, why her charge could not have been filed on or before the 300 day deadline. Accordingly,

5

the Court finds that plaintiff's claims regarding actions prior to October 28, 2014 are untimely and must be dismissed.

Defendant also argues that plaintiff failed to exhaust her administrative remedies with regard to his Title VII claims. In her Complaint plaintiff check marked the box for Title VII and then also marked the race, color, gender, disability, age, and "other" boxes and listed retaliation. However, in her Charge of Discrimination, plaintiff only marked the boxes for age and disability when asked what her discrimination claim was based on and stated that she believed that she was subjected to discrimination because of FMLA and Short Term Disability.

"Exhaustion of administrative remedies is required under Title VII and the ADEA because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Kirklin v. Joshen Paper & Packaging of Arkansas Co.*, No. 4:15–CV–00304KGB, 2017 WL 1179969, *11 (E.D.Ark. Mar. 29, 2017).

Prior to filing a civil action alleging violations of the ADA ...a plaintiff must exhaust her administrative remedies by submitting her discrimination claims in an EEOC charge and receiving a "right to sue" letter. *See, e.g.*, 42 U.S.C.§ 12117(a)(stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to persons alleging discrimination based on

disability). *Ayala v. PayPal, Inc.*, No. 8:16CV57, 2017 WL 2484171, *3 (D.Neb. June 8, 2017). These exhaustion requirements also apply to retaliation claims. **"To exhaust her administrative remedies on a retaliation claim, a plaintiff must give notice of all claims of discrimination in the initial EEOC charge."** *Williams–Raynor v. Arkansas Dept. of Health*, No. 4:16CV00761JLH, 2017 WL 1017636,*5 (E.D.Ark. Mar. 15, 2017). When a plaintiff fails to do so, these claims are unexhausted. *See also Griffith v. City of Watertown*, 1:15–CV–01020–RAL, 2016 WL 4275635,*10 (D.S.D. Aug. 12, 2016)(Where plaintiff did not make a retaliation claim in her administrative charge, summary judgment was warranted due to failure to exhaust her administrative remedies). In the instant action, plaintiff mentions nothing in the narrative description in her Charge of Discrimination about race, color, or gender, nor were the race, color, or gender boxes checked on the form. Accordingly, the Court finds that these claims are subject to dismissal.

## Conclusion

Because plaintiff's pre-October 28, 2014 claims were not timely filed and because plaintiff failed to exhaust her administrative remedies as to race, color, and gender claims, the Court will grant defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss [Doc. No 13] is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's claims which occurred prior to October 28, 2014 are **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's claims of race, color, and gender discrimination are **dismissed**.

Dated this 19th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE